IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OPTUMCARE MANAGEMENT, LLC,
          Plaintiff,

v.                                                        No. 1:20-cv-00474 RB-SCY

KRISTINA GUTIERREZ-BARELA, MD,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant moves to consolidate the instant case with a declaratory judgment action recently removed to this court. *See Gutierrez-Barela v. OptumCare New Mexico*, *LLC*, No. 20-cv-00817-SWS-MLC, Order of Removal (D.N.M. Aug. 18, 2020). Plaintiff opposes Defendant's motion because Defendant allegedly failed to confer as required by the Local Rules. For the following reasons, the Court finds consolidation to be appropriate and the most suitable means to further the litigation process.

**I.   Motion to Consolidate**

Motions to consolidate are guided by Federal Rule of Civil Procedure 42(a). The Rule states:

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Anderson Living Trust v. WPX Energy Prod.*, *LLC*, 297 F.R.D. 622, 630 (D.N.M. 2014) (quoting Fed. R. Civ. P.42(a)). Courts have extensive discretion to determine whether consolidation is appropriate. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (citing *Am. Emp'r Ins. Co. v. King Res. Co*., 545 F.2d 1265 (10th Cir. 1976)). Rule 42(a) allows the Court to consolidate actions that involve a common question of law or fact. Other factors the Court considers when

determining whether to consolidate cases include: (i) the interest of justice; (ii) expediency of results; (iii) conservation of resources; and (iv) the avoidance of inconsistent results. *See* 8 Moore's Federal Practice § 42.10(4) (3d ed. 2018). Here, the court finds that consolidation is appropriate not only because the two actions meet the factors set forth above, but also because the parties allegedly agreed to consolidate until Defendant unilaterally filed the instant motion. (Doc. 18 at 2.)

Applying the above standards to the present motion, the Court finds that Defendant has carried her burden to prove that consolidation is desirable and that the Court can best "avoid unnecessary costs or delay" by granting the motion. *See St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n*, 712 F.2d 978, 989 (5th Cir. 1983) (citations omitted). The two cases should be consolidated because they involve a common question of law and fact: the enforceability of the Noncompetition Agreement against Defendant. Consolidation of these cases will not prejudice either party because the claims are not substantially different, and the two actions involve the same parties. As no substantive actions have been taken in this case, the Court finds that consolidation would avoid duplication of effort during discovery and should not delay the trial process.

The Court also finds consolidation appropriate because Plaintiff offers no reason, other than the fact that Defendant did not confer, to oppose the motion. (*See* Doc. 18 at 1–4.) Plaintiff does not dispute that the actions involve a common question of law or fact. Nor does Plaintiff disagree with the fact that consolidation is in the interest of justice and will lead to expeditious results, conservation of resources, and the avoidance of inconsistent results. Though Plaintiff claims the motion is frivolous, it also states that "the issue could have been resolved" if "opposing counsel actually conferred with the undersigned counsel . . . ." (*Id*. at 3.) Therefore, Plaintiff's only

grievance against Defendant is a lack of communication. That is not enough for the Court to deny the motion and slow the litigation process.[1] The motion is granted.

However, a word of caution to Defendant's counsel: the filing of a motion prior to an agreed upon meet and confer, which could have resolved the disputed issues without the Court's intervention, tests the Court's patience. Counsel is advised to review the District's Local Rules and strictly comply with them going forward. *See* D.N.M. LR-Civ. 7.1(a).

**THEREFORE,**

**IT IS ORDERED** that Defendants Motion to Consolidate Related Cases (Doc. 14) is **GRANTED.**

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] Because the threshold issue of who is the real party in interest has been resolved, Plaintiff's argument regarding amendments is moot. (*See* Doc. 18 at 4–5.)